**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC W. BRIGHT, | No. 11-16256 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02196-GMS |
| v. | |
| MERCER ADVISORS INCORPORATED, A Corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Eric W. Bright appeals pro se from the district court's summary judgment in

his employment discrimination action alleging violations of Title VII and state law.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Bright's retaliation claims because Bright failed to raise a genuine dispute of material fact as to whether he engaged in a protected activity. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (describing the elements of a prima facie retaliation claim under Title VII, including that the plaintiff was engaged in protected activity); *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411-12 (9th Cir. 1987) (plaintiff failed to show that he engaged in protected activity where his complaint to his employer did not indicate a concern about discrimination).

The district court properly granted summary judgment on Bright's racial discrimination claim because Bright failed to raise a genuine dispute of material fact as to whether similarly situated individuals outside his protected class were treated more favorably, or whether defendant acted with discriminatory intent. *See Vasquez*, 349 F.3d at 640 & n.5 (describing the elements of a prima facie discrimination claim under Title VII).

The district court properly granted summary judgment on Bright's breach of contract claim because Bright failed to raise a genuine dispute of material fact as to

whether defendant failed to comply with its employee handbook by retaliating against him or failing to investigate his alleged complaints of discrimination. *See Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) (describing the elements of a breach of contract claim under Arizona law).

The district court did not abuse its discretion in modifying the scheduling order to allow defendant to amend its answer because defendant showed good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (setting forth standard of review and explaining that a party seeking to amend its pleadings after the date set in the scheduling order must show good cause).

**AFFIRMED.**